IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) ) | 3:08CV 044 |
| J.H. HEIN CORPORATION, d/b/a Maxi's Food and Spirits Barn, ) ) ) | COMPLAINT |
| Defendant. ) ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Hope Ford, who was adversely affected by such practices. The Commission alleges that the Defendant terminated Hope Ford, a server, because of her pregnancy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Indiana, South Bend Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5 (f) (1) and (3).

4. At all relevant times, Defendant J.H. Hein Corporation (the "Employer") has continuously been an Indiana corporation, doing business in the State of Indiana and the City of South Bend.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Hope Ford filed a charge with the Commission alleging violations of Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On September 21, 2006, Defendant Employer engaged in an unlawful employment practice at its South Bend, Indiana, facility, in violation of Sections 703(a)(1) and 701(k) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1), 2000e(k). Defendant Employer terminated the employment of Hope Ford, a server, because she was pregnant.

8. The effect of the practice complained of in paragraph 7 above has been to deprive Hope Ford of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex.

9. The unlawful employment practice complained of in paragraph 7 above was intentional.

10. The unlawful employment practice complained of in paragraph 7 above was done with malice or with reckless indifference to the federally protected rights of Hope Ford.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Hope Ford by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Hope Ford by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to out of pocket expenses, plus prejudgment interest, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Hope Ford by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to physical and emotional pain

3

and suffering, mental anguish, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

   F. Order Defendant Employer to pay Hope Ford punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

   G. Grant such further relief as the Court deems necessary and proper in the public interest.

   H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

*/s/ Laurie A. Young*
LAURIE A. YOUNG, #11480-49
Regional Attorney

*/s/ Michelle Eisele*
MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

4

*[signature]*
JOHANNA PHILHOWER MAPLE
Trial Attorney, #20245-49

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
101 W. Ohio Street, Suite 1900
Indianapolis, IN 46204
(317) 226-5601
Fax: (317) 226-5571
johanna.maple@eeoc.gov

5