UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| and | ) ) | |
| HOPE FORD, | ) ) | |
| Intervenor Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 3:08-CV-44-TS |
| J.H. HEIN CORPORATION, d/b/a Maxi's Food and Spirits Barn, | ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Request for Leave to File an Amended Answer and Motion for Summary Judgment [DE 56], filed by the Defendant J.H. Hein Corporation, d/b/a Maxi's Food and Spirits Barn, on July 14, 2009; a Motion to Continue Trial and Related Trial Deadlines [DE 62], filed by the Defendant on July 28; and a Motion for Leave to File a Surreply in Opposition to the Defendant's Request [DE 63], filed by the Plaintiffs on July 31.

**BACKGROUND**

On January 25, 2008, the Equal Employment Opportunity Commission (EEOC) instituted this employment discrimination lawsuit by filing a Complaint and Jury Trial Demand [DE 1]. In the Complaint, the EEOC asserted claims under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 based upon the Defendant's alleged discrimination on the basis of sex and pregnancy. The Complaint specifically alleged that, "[a]t all relevant times," the

Defendant "has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h)." (Compl. ¶ 5.) On February 14, the Defendant filed its Answer to Plaintiff's Civil Complaint for Damages [DE 4]. The Defendant in its Answer "admit[ted] that at all relevant times, [it] has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h)." (Answer ¶ 5.)

On February 28, Hope Ford filed a Motion to Intervene [DE 6], to which she attached her Intervenor's Complaint and Jury Demand [DE 6-2]. On March 17, the Defendant filed its Answer to Intervenor/Plaintiff's Complaint and Jury Demand [DE 9]. On March 19, the Court granted Ford's Motion to Intervene, and her Intervenor Complaint was deemed filed as of March 19. The Intervenor Complaint alleged that the Defendant "is now, and at all relevant times has been, an Indiana corporation, doing business in the South Bend, Indiana, and an employer as defined by 42 U.S.C. § 2000e(b)." (Intervenor Compl. ¶ 4.) In its Answer to Intervenor/Plaintiff's Complaint, the Defendant "admit[ted] that at all relevant times, [it] has continuously been an Indiana corporation, doing business in the State of Indiana and the City of South Bend, and is an employer as defined by 42 U.S.C. § 2000e(f)."[1] (Answer to Intervenor Compl. ¶ 4.)

On April 10, Magistrate Judge Nuechterlein conducted a Rule 16 preliminary pretrial conference, and the following settings were entered: the deadline to amend pleadings was set for April 25, 2008; the deadline for the Plaintiffs to deliver expert witness disclosures and reports to

---

[1] Paragraph 4 of the Answer to Intervenor/Plaintiff's Complaint appears to include a scrivener's error in that it references 42 U.S.C. § 2000e(f), which is the statutory definition of "employee" and which was properly referenced in paragraph 3.

the Defendants was set for July 31, 2008; the deadline for the Defendant to deliver expert witness disclosures and reports to the Plaintiffs was set for August 31, 2008; and the discovery deadline was set for September 30, 2008. On April 23, the EEOC filed an Amended Complaint [DE 16], in which it changed a date in paragraph 7. Like the original Complaint, the Amended Complaint alleged that, "[a]t all relevant times," the Defendant "has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h)." (Am. Compl. ¶ 5.)

On December 5, 2008, the Court conducted a telephonic scheduling conference with the parties and entered the following deadlines and settings: the dispositive motion deadline was set for January 15, 2009; the Plaintiffs' portions of the pretrial order were due by June 12, 2009; the Defendant's submission of the pretrial order was due by June 19, 2009; the telephonic final pretrial conference was set for June 19, 2009, at 11:00 a.m.; and the four-day jury trial was set to begin on June 29, 2009, at 8:30 a.m. On December 31, 2008, the Defendant filed a Motion to Stay Proceedings and Compel Discovery on Second Request of Production of Documents [DE 26]. On January 15, 2009, the Defendant filed a Motion for Summary Judgment [DE 30]. On January 28, Magistrate Judge Nuechterlein (based upon the Court's referral of the Defendant's Motion to Stay Proceedings and Compel Discovery to him) entered an Order [DE 33] denying the Defendant's Motion to Stay Proceedings and Compel Discovery. Magistrate Judge Nuechterlein noted that the recent events surrounding the passing of one of the attorneys who represented the Defendant was unusual and tragic, but found that these events justified neither an extension of discovery, nor the Defendant's failure to timely seek the requested discovery, nor its failure to timely seek a discovery extension.

On June 10, 2009, the Court conducted a telephonic ruling/status conference, at which the EEOC orally moved for leave to file the Amended Complaint it had filed on April 23, 2008, and the Defendant did not object. The Court granted the EEOC's oral request, and the EEOC's Amended Complaint was deemed filed on April 23, 2008. The Court granted the Defendant up to and including June 22, 2009, in which to file an Answer to the EEOC's Amended Complaint. At the June 10, 2009, conference, the Court advised the parties that it would be denying by separate written order the Defendant's Motion for Summary Judgment and Motion to Strike Affidavit. Based upon the Defendant's oral request that the final pretrial conference and jury trial be continued, the Court vacated the telephonic final pretrial conference and jury trial settings and reset the telephonic final pretrial conference for August 5, 2009, at 11:00 a.m., and the jury trial for August 17, 2009, at 8:30 a.m. The Court directed the parties to submit the pretrial order and their proposed jury instructions and proposed verdict forms by the date of the telephonic final pretrial conference.

On June 22, the Defendant filed its Answer to Plaintiff's Amended Civil Complaint for Damages [DE 53]. In this Answer, the Defendant "admit[ted] that at all relevant times, [it] has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h)." (Answer to Am. Compl. ¶ 5.) .

On July 2, Attorneys Christopher C. Myers and Ilene M. Smith filed appearances on behalf of the Defendant. On July 14, the Defendant filed its Request for Leave to File an Amended Answer and Motion for Summary Judgment [DE 56]. The Defendant attached to its Request a draft Amended Answer, a draft Motion for Summary Judgment, a draft Brief in

Support, and evidentiary materials. It seeks leave to file these submissions to advance its new defense theory that the Defendant is not an "employer" for purposes of Title VII. On July 21, the EEOC filed a Brief in Response [DE 59] to the Defendant's Request, and on July 22, Intervenor-Plaintiff Ford filed a Response in Opposition [DE 60] to the Defendant's Request. On July 27, the Defendant filed a Reply [DE 61]. On July 28, the Defendant filed its Motion to Continue Trial and Related Trial Deadlines [DE 62], asking the Court for a second time to continue the jury trial and the related settings. On July 31, the Plaintiffs filed a Motion for Leave to File a Surreply in Opposition to the Defendant's Request [DE 63].

## DISCUSSION

**A.     Request for Leave to File an Amended Answer and Motion for Summary Judgment**

In its Request for Leave, the Defendant asserts that it is not an employer for purposes of Title VII and asks the Court to permit it to file an amended answer and a motion for summary judgment. In support of this Request, the Defendant cites the untimely passing on October 19, 2008, of an attorney who previously represented the Defendant in this matter; the recent engagement of Attorney Christopher C. Myers on its behalf; and Attorney Myers's recent examination of payroll records and his assessment that the Defendant did not meet the fifteen-employee threshold for employers under Title VII. The Defendant urges that "an extreme and manifest injustice will result" if it is not permitted to amend its Answer and file a second Motion for Summary Judgment. (Def.'s Request for Leave 3.) In its Reply, the Defendant argues that the Plaintiff would not be prejudiced by a granting of its request because only minimal discovery

would be required,[2] and because no additional burdens or costs will be imposed on the Plaintiffs. It also contends that the Defendant is a "mom and pop" shop and that neither of the two attorneys who previously represented the Defendant in this litigation "was familiar with the intricacies and nuances of employment litigation."[3] (Def.'s Reply 4.)

Federal Rule of Civil Procedure 15 governs amendment of pleadings. When a party is not entitled to amend a pleading as a matter of course, it may amend "only with the opposing party's written consent or the court's leave," and a district court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court has discretion to permit a defendant to amend an answer to assert an affirmative defense that was not raised initially. *Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005); *Jackson Hous. Auth.*, 213 F.3d 389, 392 (7th Cir. 2000). However, a district court may refuse to give leave to amend based upon undue delay, bad faith, dilatory motive, prejudice, or futility. *Winters v. Fru-Con Inc.*, 498 F.3d 734, 740 (7th Cir. 2007). The Seventh Circuit has instructed that "[p]arties to litigation have an interest in speedy resolution of their disputes without undue expense. Substantive amendments to [a pleading] just before trial are not to be countenanced and only serve to defeat these interests. The district court must consider the harm when deciding whether to grant leave." *Feldman v. Allegheny Int'l, Inc.*, 850 F.2d 1217, 1225 (7th Cir. 1988). In discussing the delay factor, the Seventh Circuit has explained that "'the longer the delay, the greater the presumption against granting leave to amend." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *King v. Cooke*, 26 F.3d 720, 723 (7th Cir.

---

[2] The Defendant actually states that discovery is "not necessary as [the Defendant] ha[s] provided all the payroll reports to Plaintiffs' counsel." (Def.'s Reply 2.)

[3] Attorney William R. Mishler, one of the two attorneys referenced in this statement, continues to represent the Defendant in this matter, along with Attorney Myers and Attorney Smith.

1994)). Additionally, "'[e]leventh hour additions . . . [are] bound to produce delays that burden not only the parties to the litigation but also the judicial system and other litigants.'" *Id.* (quoting *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990)); *see also Crest Hill Land Dev. v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005) ("'Surprises' such as new arguments or defense theories propagated after the completion of discovery and filing of summary judgment are wisely discouraged.").

Title VII applies to businesses that employ fifteen or more employees for at least twenty weeks in a relevant calendar year. 42 U.S.C. § 2000e(b) (defining "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year"). However, in the Title VII context, the fifteen-employee minimum is not a jurisdictional requirement. *Smith v. Castaways Family Diner*, 453 F.3d 971, 973 (7th Cir. 2006) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006), and *Komorowski v. Townline Mini-Mart & Rest.*, 162 F.3d 962, 964 (7th Cir. 1998 (per curiam)). The United States Supreme Court has distinguished between limits on jurisdiction and mandatory case-processing rules, the latter of which may be waived or forfeited. *See EEOC v. Watkins Motor Lines, Inc.*, 553 F.3d 593, 595–96 (7th Cir. 2009) (citing *Arbaugh*, 546 U.S. 500; *Eberhart v. United States*, 546 U.S. 12 (2005); *Kontrick v. Ryan*, 540 U.S. 443 (2004); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982)).

The Court will deny the Defendant's Request for Leave based upon undue delay and prejudice. In this case, the Defendant failed to raise the Title VII employee-numerosity requirement until the eleventh hour. The Defendant filed its Request for Leave just over one

month after the Court (at the Defendant's request) vacated the original jury trial setting because one of the Defendant's witnesses would be unavailable and approximately one month before the jury trial is currently set to begin. Granting the Defendant's Request for Leave would require reopening discovery and postponing the imminent jury trial. Furthermore, the Defendant has submitted its Request for Leave despite its clear and express admissions in three separate pleadings (*i.e.*, in its Answer to Plaintiff's Civil Complaint for Damages [DE 4], its Answer to Intervenor/Plaintiff's Complaint [DE 9], and its Answer to Plaintiff's Amended Civil Complaint [DE 53]) that, at all relevant times, it was an employer engaged in an industry affecting commerce within the meaning of Sections 701(b) of Title VII, 42 U.S.C. §§ 2000e(b).[4] The Defendant's judicial admission that it was an employer for Title VII purposes undercuts its current argument that justice requires the Court to give it leave to amend its Answer, and its most recent admission to this effect was submitted on June 22, 2009, just three weeks before it filed its Request. The Defendant's change in defense theory comes seventeen months after it filed its Answer [DE 4]; almost seventeen months after the deadline to amend pleadings passed; nearly ten months after the discovery deadline passed; and six months after the dispositive motion deadline passed. Additionally, the Defendant has already filed a Motion for Summary Judgment [DE 30], which the Court denied by written Opinion and Order [DE 52] on June 12, 2009. Furthermore, the Plaintiffs have borne the expense of engaging in discovery, responding to the Defendant's first Motion for Summary Judgment, and preparing their case for trial, and subjecting them to reopened discovery, another round of summary judgment briefing, and further

---

[4] The Complaint and Amended Complaint filed by the EEOC and the Intervenor Complaint filed by Ford specifically referenced (including citations to the United States Code) the provisions of Title VII setting forth the statutory definitions of "employer," "commerce," and "industry affecting commerce." In its various Answers, the Defendant reiterated these specific references to the statutory definitions, including the United States Code citations.

costs and delays is unduly prejudicial, especially considering that the Defendant would have had these payroll records in its possession throughout the course of this litigation. Because the Defendant unduly delayed requesting leave to amend its Answer to claim that it is not an employer under Title VII and because undue prejudice would result to the Plaintiffs if the Court were to grant the Defendant's motion, the Court will deny the Defendant's Request for Leave.[5]

B.     **Motion to Continue Trial and Related Trial Deadlines**

The Defendant asks the Court to continue the trial so that the Court may consider the Defendant's Request for Leave (and its draft Motion for Summary Judgment and supporting materials), so that the Plaintiffs may conduct discovery regarding the payroll records, and so that Attorney Myers may have adequate time to prepare for trial. Based upon the Court's ruling on the Defendant's Request for Leave, the first two grounds presented by the Defendant are moot. As to the third ground—Attorney Myers's preparation—the Defendant has been represented by counsel throughout the course of this litigation and has been afforded adequate time to prepare. That the Defendant has now decided to engage additional, new counsel to participate in this case (along with Attorney Mishler, who has been involved in this matter since at least November 11, 2008, when his filed his Appearance notice [DE 23]) is not an adequate basis for granting its Motion. Accordingly, the Court will deny the Defendant's Motion to Continue Trial and Related Trial Deadlines.

---

[5] The Court's ruling on the Defendant's Request for Leave to File an Amended Answer and Motion for Summary Judgment renders moot the Plaintiffs' Motion for Leave to File a Surreply in Opposition to the Defendant's Request, and the Court will deny it as such.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Defendant's Request for Leave to File an Amended Answer and Motion for Summary Judgment [DE 56] and its Motion to Continue Trial and Related Trial Deadlines [DE 62]. The Plaintiff's Motion for Leave to File a Surreply in Opposition to the Defendant's Request [DE 63] is DENIED AS MOOT.

SO ORDERED on August 4, 2009.

 /s Theresa L. Springmann
THERESA L. SPRINGMANN, JUDGE
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION